Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA JARMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHEIN DISTRIBUTION CORP., a Delaware corporation; ZOETOP BUSINESS CO., LTD., individually and doing business as "SHEIN", a Hong Kong private limited company; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1202)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Angela Jarman ("Jarman"), by and through her undersigned attorneys, complains and alleges against Defendants as follows:

## NATURE OF ACTION

1.     Jarman seeks injunctive relief and damages stemming from Defendants', Shein Distribution Corp., Zoetop Business Co., Ltd., and Does 1-10 (collectively "Defendants"), acts of copyright infringement in violation of the laws of the United States of America.

## JURISDICTION AND VENUE

2.     This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, et seq.

3.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

4.     The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

5.     Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here. Venue and personal jurisdiction may also be appropriate under Fed. R. Civ. P. 4(k)(2).

## PARTIES

6.     Jarman, individually and doing business as "Fancy Fairy Wings & Things," is an individual residing in the State of California in the United States.

7.      Upon information and belief, Defendant Shein Distribution Corp. is a Delaware corporation and is doing business in and with the State of California and this District, including through its principal address at 77 S Alameda St. STE 340, Los Angeles, CA 90021.

8.     Upon information and belief, Defendant Zoetop Business Co., Ltd., individually and doing business as Shein (collectively with Shein Distribution

Corp., "Shein") is a Hong Kong private limited company that is doing business with the State of California, including through its affiliated location at 757 Alameda St. STE 340, Los Angeles, California 90021.

9.     Jarman is informed and believes and thereon alleges that Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Jarman's copyrights, have contributed to the infringement of Jarman's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Jarman, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10.     Jarman is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Jarman's rights and the damages to Jarman proximately caused thereby.

## CLAIMS RELATED TO SUBJECT DESIGNS

11.     Jarman is a professional artist and designer with a compelling portfolio of works, mainly iridescent fairy wings, that she displays and markets. Jarman displays, markets, and sells original products created from her designs online, including at her website "www.fancyfairy.com." Jarman's designs and products have been purchased and used by major brands and celebrities including Victoria's Secret, and Katy Perry, as well as publications and fine arts projects by other artists.

12.   Jarman created and exclusively two original visual designs titled "Titania Fairy Wings" and "Teasel Fairy Wings" ("Subject Designs"). True and correct exemplars of the Subject Designs are depicted below:

| **Titania Fairy Wings** |
| :---: |





1
2
3
4
5
6
7
8
9
10
11



**Teasel Fairy Wings**

12
13
14
15
16
17
18
19
20
21
22
23
24
25



26      13.   Prior to the acts complained of herein, Jarman registered the Subject

27   Designs with the United States Copyright Office and received valid registration

28   certificates for each.

5
COMPLAINT

14.   Jarman's website, on which the Subject Designs are displayed, offered for sale, and sold, expressly states that "All content in this site and associated sites are © FancyFairy.com and Angela Jarman. Do not use and show publicly or redistribute without written permission except for the purposes of review or to share, in which case full credit and a link back must be included."

15.   Jarman additionally displays all images of her designs, including the Subject Designs, on her website with an identifying watermark which includes the name and logo of Fancy Fairy Wings & Things.

16.   Prior to the acts complained of herein, Jarman widely publicly displayed and distributed the Subject Designs, including through display on her website, social media accounts and profiles, via offer for sale and sale of products bearing, in whole or in part, the Subject Designs, and through the use of the Subject Designs by numerous celebrities, popular brands, and publications as described above.

17.   Jarman has not authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Designs.

18.   Jarman is informed and believes and thereon alleges that following her distribution of the Subject Designs, Shein, Doe Defendants, and each of them created, sold, manufactured, caused to be manufactured, imported and/or distributed products featuring unauthorized reproductions of the Subject Designs or designs which are substantially similar to the Subject Designs (hereinafter "Offending Products"), and offered displayed and offered for sale the Offending Products at websites owned and operated by Defendants, including "us.shein.com." Exemplars of the Offending Products being offered for sale by Defendants are reproduced below:

///

///

///

**Offending Products**

















1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

19.   Comparisons of the Subject Designs and the Offending Products are reproduced below:

| **<u>Subject Designs</u>** | **<u>Offending Products</u>** |
| --- | --- |
|  | <br> |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28






1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28






1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28














20.  The above comparisons demonstrate that the designs in the Offending Products are identical, or at least strikingly similar to, the Subject Designs.

21.  Upon discovering the Offending Products, Jarman notified Shein of their infringement and demanded that they cease and desist their unauthorized use of the Subject Designs.

22.  Jarman then filed a claim against Shein Distribution Co. with the Copyright Claims Board on July 11, 2022. Shein Distribution Co. opted out of proceeding before the Copyright Claims Board on October 4, 2022, necessitating this action.

23.  On February 10, 2023, a representative of Shein contacted Jarman, indicating their awareness of her work, and inquiring about having Jarman promote Shein, with no recognition of the claims raised before the Copyright Claims Board.

///

///

///

1

**FIRST CLAIM FOR RELIEF**

2

(For Copyright Infringement – Against All Defendants, and Each)

3      24.   Jarman repeats, realleges, and incorporates herein by reference as though

4   fully set forth, the allegations contained in the preceding paragraphs of this

5   Complaint.

6      25.   Jarman is informed and believes and thereon alleges that Defendants, and

7   each of them, had access to the Subject Designs, including, without limitation,

8   through (a) Jarman's website and profiles on other online storefronts; (b) Jarman's

9   social media accounts and profiles; (c) the repeated use of Jarman's designs by

10  popular brands, celebrities, and publications; (d) Shein's awareness of Jarman as

11  indicated in the February 10, 2023, email.

12     26.   Jarman is informed and believes and thereon alleges that one or more of

13  the Defendants manufactures products and/or is a vendor. Jarman is further

14  informed and believes and thereon alleges that said Defendant(s), and each of

15  them, has an ongoing business relationship with Defendant retailers, and each of

16  them, and supplied products to said retailers, which products infringed the Subject

17  Designs in that said products featured unauthorized print designs that were

18  identical or substantially similar to the Subject Designs, or were an illegal

19  modification thereof.

20     27.   Jarman is informed and believes and thereon alleges that Defendants, and

21  each of them, infringed Jarman's copyright by creating, making and/or developing

22  directly infringing and/or derivative works from the Subject Designs including

23  without limitation the Offending Products, and by producing, distributing and/or

24  selling said products to the public.

25     28.   Due to Defendants', and each of their, acts of infringement, Jarman has

26  suffered damages in an amount to be established at trial.

27     29.   Due to Defendants', and each of their, acts of copyright infringement as

28  alleged herein, Defendants, and each of them, have obtained profits they would not

otherwise have realized but for their infringement of the Subject Designs. As such, Jarman is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Designs in an amount to be established at trial.

30.   Jarman is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to further liability.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

31.   Jarman repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32.   Jarman is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of products featuring the Subject Designs alleged herein.

33.   Jarman is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

34.   By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Jarman has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

///

35.   Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Jarman is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Jarman's rights in the Subject Designs, in an amount to be established at trial.

36.   Jarman is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to further liability

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

37.   Jarman repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

38.   The Subject Designs were routinely published with attribution, credit, and other copyright management information, including without limitation the above described copyright and usage notice on Jarman's website, the watermark on all images of the Subject Designs on Jarman's website which displayed Jarman's trade name and logo, and other indicia of ownership including trade name and clickable links to Jarman's website as the Subject Designs are displayed on social media.

39.   Jarman alleges on information and belief that Defendants, and each of them, removed Jarman's copyright management information, as described above, from the Subject Designs, and/or added false copyright management to the Subject Designs before distributing and publishing same to the public.

40.   Jarman alleges on information and belief that Defendants, and each of them, distributed, published, and displayed the Subject Designs via the Defendants

website as depicted above, under their own names, and removing Jarman's

attribution information, including without limitation her name and/or metadata.

41.   The aforementioned facts constitute "copyright management

information" as that phrase is defined in 17 U.S.C. §1202(c) and said information

on and in the Offending Products is false.

42.   When Defendants distributed and published the Subject Designs, they

knowingly provided and/or distributed false copyright management information in

violation of 17 U.S.C. §1202(a). As a result of the foregoing, Jarman has been

damaged and may recover those damages as well as Defendants' profits, and/or

statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## **PRAYER FOR RELIEF**

Wherefore, Jarman prays for judgment as follows:

a.   That Defendants—each of them—and their respective agents and
servants be enjoined from importing, manufacturing, distributing,
offering for sale, selling or otherwise trafficking in any product that
infringes Jarman's copyrights in the Subject Designs;

b.   That Jarman be awarded all profits of Defendants, and each of them,
plus all losses of Jarman, the exact sum to be proven at the time of
trial, or, if elected before final judgment, statutory damages as
available under the Copyright Act, 17 U.S.C. § 505, 1203;

c.   That Jarman be awarded her attorneys' fees as available under the
Copyright Act U.S.C. § 505, 1203;

d.   That Jarman be awarded pre-judgment interest as allowed by law;

e.   That Jarman be awarded the costs of this action; and

f.   That Jarman be awarded such further legal and equitable relief as the
Court deems proper.

///

///

## **JURY DEMAND**

Jarman demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


Dated: June 30, 2023                          Respectfully submitted,


By: _____
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*